IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **Arthur Thyme,** | CASE NO. 5:22 CV 2197 |
| **Plaintiff,** | JUDGE DONALD C. NUGENT |
| v. | |
| **Jane A. Swartz,** *et al.*, | **MEMORANDUM OPINION AND ORDER** |
| **Defendants.** | |

## Introduction

*Pro se* plaintiff, who purports to proceed under the alias "Arthur Thyme," has filed an *in forma pauperis* civil complaint in this case against multiple defendants, described in the complaint as "an entity and persons" to whom plaintiff was formerly related, including the Catholic Church "parish based in Ottoville," Ohio and plaintiff's "parents, siblings, siblings-in-laws, aunts, uncles and cousins."[1] (Doc. No. 1 at 2.)

In his complaint, plaintiff contends that his family members, out of "jealousy," "irrational arrogance," and "armed with authority" and funds of the Catholic Church, have worked together to harass and defame him for over 20 years, substantially and negatively affecting his reputation, life, and career. (*Id.* at 4-5.) Based on complaints of mistreatment by his family, he asserts violations

---

[1]Specifically, the complaint lists the following fourteen defendants: Jane A. Swartz, Jeremy Swartz, Catholic Diocese of Toledo, Kathy Hietmeyer, Keith Heitmeyer, Chad Heitmeyer, Michelle Heitmeyer, Judy Heitmeyer, Micheal Heitmeyer, Richard Hemker, Janet Hemker, Terri Lynn Hemker, Judy Braden, and Allison Spitzer.

of the Due Process Clause of the Fourteenth Amendment, the Racketeer Influenced and Corrupt Organizations Act ("RICO"), and state tort claims for conspiracy, defamation, and harassment. (*Id.* at 2, ¶ III.) He seeks $75,100 in monetary damages and declaratory and injunctive relief.

After plaintiff filed his complaint and a motion to proceed *in forma pauperis*, he filed two "supplemental briefs" (Doc. No. 3 and 4) and a "Notice of Ex Parte Request to Note 5 Related Cases as a Reverse Class Action MDL Matter." (Doc. No. 5.) His supplemental briefs appear to be intended as an explanation of his claims, but they are lengthy, convoluted, and impossible to parse. They consist almost entirely of unclear and convoluted complaints and theories about his childhood and his family.

The purpose and intent of plaintiff's "Notice of Ex Parte Request to Note 5 Related Cases" is unclear. However, the Notice makes clear that plaintiff is no stranger to *pro se* litigation in federal court. The Notice references a number of prior complaints he has filed in federal court, including multiple cases that were dismissed *sua sponte*.[2] In addition, plaintiff has now been enjoined from filing any new civil action in the Northern District of Illinois without obtaining leave of court.[3] Plaintiff also filed a prior similar civil action in this district complaining of the conduct of his family and the Catholic Church, which Judge Helmick dismissed after plaintiff filed a motion for voluntary dismissal. *See Swartz v. Roman Catholic Archdiocese of Toledo*, No. 3: 20-cv-2021 (N.D. Ohio Feb. 26, 2021).

The Court finds that plaintiff's complaint in this case must also dismissed.

---

[2]*See, e.g., Thyme v. Haaravon, Hughes & Willis*, LLP, No. 22-cv-7312 (N.D. Ill. Jan. 3, 2023); *Thyme v. McInerney et al.*, No. 22-cv-7325 (N.D. Ill. Jan. 18, 2023).

[3]*In Re: Arthur Thyme aka Jesse F. Schwartz,* No 1: 23-cv-909 (N.D. Ill. Feb. 14, 2023) (imposing pre-filing restrictions).

## Standard of Review and Discussion

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the lenient treatment accorded *pro se* plaintiffs has limits. *See e.g., Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir.1996). *Pro se* plaintiffs must still meet basic pleading requirements, and courts are not required to conjure allegations on their behalf. *See Erwin v. Edwards*, 22 Fed. App'x 579, 580 (6th Cir. 2001).

Federal districts are expressly required, under 28 U.S.C. § 1915(e)(2)(B), to screen all *in forma pauperis* complaints filed in federal court, and to dismiss before service any such complaint that the court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B); *Hill v. Lappin*, 630 F.3d 468 (6th Cir. 2010). In order to avoid a dismissal for failure to state a claim under § 1915(e)(2)(B), a "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Hill*, 630 F.3d at 470-71 (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals for failure to state a claim under § 1915(e)(2)(B)).

Further, district courts are courts of limited jurisdiction and have the authority to dismiss *sua sponte* any complaint for lack of subject matter jurisdiction when the court determines that the allegations of the complaint are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). *Sua sponte* dismissal of any complaint is appropriate where the plaintiff's claims "lack the legal plausibility necessary to invoke federal subject matter jurisdiction." *Id.* at 480.

Like prior complaints he has filed in federal court, plaintiff's pleadings in this case are so convoluted, incoherent, frivolous, implausible, and devoid of merit that they fail to meet basic federal pleading requirements and lack the legal plausibility necessary to invoke federal subject matter jurisdiction over any claim in the case. *See Thyme v. Haaravon, Hughes & Willis*, LLP, No. 22-cv-7312 (N.D. Ill. Jan. 3, 2023) (dismissing as frivolous plaintiff's complaint against a group of individuals who he alleged spread false rumors about him violating RICO and state defamation law); *Thyme v. McInerney et al.*, No. 22-cv-7325 (N.D. Ill. Jan. 18, 2023) (dismissing as frivolous an incoherent complaint plaintiff filed complaining about his marriage and marriage therapist).

Plaintiff seeks to assert federal jurisdiction on the basis of a federal question, but his asserted complaints and suspicions about the defendants fail to suggest that the defendants engaged in a pattern of racketeering activity as described by the RICO statute. *See Thyme v. Haaravon, Hughes & Willis*, LLP, No. 22-cv-7312 (N.D. Ill. Jan. 3, 2023) (finding "no connection" between plaintiff's complaints and RICO). And he has not alleged facts plausibly suggesting that any defendant engaged in state action as required to state a constitutional due process claim. *See Faparusi v. Case Western Reserve University*, 711 Fed. Appx. 269, 275 (6th Cir. 2017) (the Fourteenth Amendment's due process guarantees are "triggered only in the presence of state action").

Further, even though plaintiff has not alleged or demonstrated diversity jurisdiction, his complaint fails to suggest any viable state tort claim over which this Court may exercise diversity jurisdiction in the absence of a viable federal claim.

Although the plaintiff speculates that false statements about him were made by members of his family and church employees or members, he has not alleged cogent facts in his complaint plausibly suggesting that any such individual or entity actually made or published a false defamatory

statement about him to a third party that damaged his reputation as is necessary to state a claim for defamation in Ohio. *Boyd v. Archdiocese of Cincinnati*, 2015 -Ohio- 1394, ¶ 35, 2015 WL 1600303, at *9 (Ohio App. 2d Dist. 2015). ("Defamation is a false publication causing injury to a person's reputation, or exposing the person to public hatred, contempt, ridicule, shame or disgrace or affecting him adversely in his trade or business.") Plaintiff's own conclusory assertions and personal perceptions that he was defamed and harassed by the defendants are insufficient to support a plausible claim.

Plaintiff has also alleged no plausible civil claim for "harassment." The provisions of the Ohio Revised Code to which he refers in support of this claim (*see* Doc. No. 1 at 2, ¶ III, citing Ohio Revised Code § 2917.11(A)(2), (A)(3) and (5)) pertain to a criminal law. "Generally no private right of action in an individual's name is created by a purely criminal statute because criminal statutes only give rise to a right of prosecution by the state." *Noe v. Housel*, 153 N.E.3d 941, 947, 2020 -Ohio- 1537, ¶ 14 (Ohio App. 6th Dist. 2020).

Finally, plaintiff fails to state a conspiracy claim. *See Morrow v. Reminger & Reminger Co., L.P.A.*, 915 N.E.2d 696, 711-12, 183 Ohio App.3d 40, 60, 2009 -Ohio- 2665, ¶ 40 (Ohio App. 10th Dist. 2009) (a civil conspiracy claim in Ohio is derivative and cannot be maintained absent an underlying tort that is actionable without the conspiracy). Additionally, an unlawful conspiracy in Ohio is defined as "a malicious combination of two or more persons to injure another in person or property, in a way not competent for one alone, resulting in actual damages." *Kenty v. Transamerica Premium Ins. Co.*, 72 Ohio St.3d 415, 650 N.E.2d 863, 866 (1995). Plaintiff's pleadings do not support a reasonable inference that the defendants combined in this way.

### Conclusion

Accordingly, plaintiff's application to proceed *in forma pauperis* in this matter (Doc. No. 2) is granted, and for the foregoing reasons, his complaint is dismissed in accordance with 28 U.S.C. § 1915(e)(2)(B) and the Court's authority established in *Apple v. Glenn*. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

_____
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Dated: March 16, 2023